By the Court :
The statute upon which the indictment is founded,, section 3140-2, provides that: “The father, or when *48 charged by law with the maintainance thereof, the mother, of a legitimate or illegitimate child or children under sixteen years of age, living in this state, who being able, either by reason of having means, or by personal services, labor or earnings, shall neglect or refuse to provide such child or children with necessary and proper home, care, food and clothing, shall be deemed guilty of a felony,” and on conviction be punished as therein provided.' The evidence given on the trial by the state, which is all set out in the bill of exceptions, shows that the defendant was the father of the child named in the indictment, and its mother who had obtained a divorce from him had been given its custody by the court, but no alimony; that the defendant was able to furnish the child the support required by the statute, but refused,. after demand by the wife, to do so. It also shows that up to the time of such demand and the finding of the indictment the mother and her parents had supplied the child with a comfortable home, and necessary food and clothing, and it was updn that ground, and that alone, that the court directed an acquittal. We think the court erred in that ruling. It was plainly the duty of the defendant to support the child; and the fact that the divorced wife, and her parents, had prior to the indictment kept the child from want, did not absolve him from his obligation in that regard. A refusal or neglect to provide the required support after demand was made upon him to do so, rendered him amenable to the provisions of the criminal statute.
• Exceptions sustained.
Minshall, C. •!., Williams, Burket, Spear, Shauck and Davis, JJ., concur.